PER CURIAM.
Appellant appeals the trial court’s order committing him to a moderate risk facility. Because the trial court erred when it failed to reference the characteristics of a moderate risk facility in relation to Appellant’s needs and failed to explain why its consideration of the evidence led to a different conclusion than that recommended by the Department of Juvenile Justice (DJJ), we must reverse.
Section 985.23(3)(e), Florida Statutes (2006), provides,
The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The court shall state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department.
This court has explained that when the trial court departs from the DJJ’s recommendation, it “must not only state its reasons for disregarding the recommended restrictiveness level on the record, the reasons must also be supported by a preponderance of the evidence and must make reference to the characteristics of the restrictiveness level vis-a-vis the needs of the child.” C.C.B. v. State, 828 So.2d 429, 431 (Fla. 1st DCA 2002) (citing A. C.N. v. State, 727 So.2d 368, 370 (Fla. 1st DCA 1999)).
Here, the trial court stated that the Jacksonville Marine Institute, as recommended by the DJJ, would “not meet the needs of these young men,” referring to both Appellant and his co-defendant. The trial court failed to differentiate between the two or explain why they should be treated identically. Therefore, the trial court did not reference the characteristics of a moderate risk placement vis-a-vis Appellant’s needs.
Additionally, the trial court restated the facts of the battery, which were already known to the DJJ, but did not explain why these facts justified a more restrictive commitment. The trial court also considered the extent of the victim’s injuries, a fact not previously known to the DJJ when it completed its predisposition report. Again, the trial court failed to reference the characteristics of the restrictiveness level in relation to Appellant’s needs. See D.R.B. v. State, 876 So.2d 700 (Fla. 1st DCA 2004) (explaining that when a trial court bases its reasons for departure on facts previously unknown to the DJJ, the *512 factual findings must be supported by competent, substantial evidence and the court’s reasons must reference characteristics of the restrictiveness level in relation to the needs of the child). Therefore, we reverse the trial court’s disposition order and remand for further proceedings.
REVERSED and REMANDED.
WOLF, PADOVANO, and THOMAS, JJ., concur.